UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY LIPSCOMB,

    Plaintiff,

-against-

UNITED STATES OF AMERICA,

    Defendant.

---

No. 16 Civ. 7963 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

In this action, Plaintiff brings similar claims to those dismissed in his previously filed related *Bivens* action (No. 14 Civ. 6562), but this time against the United States under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80 ("FTCA") for harm allegedly incurred while he was housed by the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Otisville, New York ("FCI Otisville"). (*See* Compl., ECF No. 1.) Defendant moves to dismiss (*see* ECF No. 24) on procedural and other grounds, including statute of limitations grounds. For the following reasons, Defendant's motion to dismiss is GRANTED.

## BACKGROUND[1]

Familiarity with the underlying facts alleged in this action and with the Court's prior decision in the related case is assumed. *See Lipscomb v. Hufford*, No. 14 Civ. 6562 (NSR), 2017 WL 3267732, at *1-2 (S.D.N.Y. July 28, 2017). As relevant here, Plaintiff Anthony Lipscomb was incarcerated at FCI Otisville starting in April 2007. (Compl. at 2.) Beginning in August

---

[1] These facts are taken from Plaintiff's complaint and his amended complaint in the related action, and assumed to be true for the purposes of this motion.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
...
...ED: 8/31/2017

Copies mailed/faxed 8/31/2017
Chambers of Nelson S. Román, U.S.D.J.

2012 until his institutional transfer in May 2014, Plaintiff alleges he was housed in a room where the heating system did not work. (*Id.* at 2.)[2] In his related action, Plaintiff explained that the windows were originally covered with industrial plastic to avoid loss of heat, but that sometime between fall 2013 and early February 2014 the officials at FCI Otisville ordered the plastic removed. (Am. Compl. at ¶¶ 15-22, ECF No. 13, No. 14 Civ. 6562.) As a result, he was "[f]orced to live in extremely cold, brick cells for several years," and experienced "sleep deprivation, extreme discomfort, mental distress due to the cold[,] and threat of disciplinary action if the windows were recovered with plastic." (Compl. at 3.) Plaintiff attaches to his complaint the BOP denial of his administrative claim (No. TRT-NER-2016-03496), which the BOP received on March 21, 2016. (*Id.* at 5.)

## STANDARD ON A MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12 Civ. 6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The court should read *pro se* complaints "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Even so, "*pro se* plaintiffs . . . cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to

---

[2] To the extent Plaintiff is attempting to allege his assignment within the prison was based on a faulty "security level" calculation, such allegations do not state an independently cognizable claim against the United States. Plaintiff may be implying that his assignment to the room that lacked heat occurred based on the faulty calculation, but ultimately the only actionable allegations are those premised on the lack of heat, since he only alleges injuries based on that purported condition.

2

relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (internal quotation marks omitted). Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (citations and alterations omitted).

## DISCUSSION

In his related action, the Court dismissed Plaintiff's *Bivens* claims[3] against the BOP and officials at FCI Otisville in their official capacities as barred by the doctrine of sovereign immunity. *See Lipscomb*, 2017 WL 3267732, at *6. But in contrast to a *Bivens* claim, "the FTCA waives the sovereign immunity of the United States against claims for property damage or personal injury 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016) (quoting 28 U.S.C. § 1346(b)(1)). Plaintiff explicitly disclaims any attempt to bring *constitutional* torts in this action (which the Court presumes were limited to the related action discussed above), and instead explains he is only asserting negligence and wrongful act claims as allowed by the FTCA. (Pl. Opp'n at 3-4, ECF No. 28); *see also, e.g.*, *Custard v. Balsick*, No. 15 Civ. 2221 (REB) (CBS), 2017 WL 131799, at *21 (D. Colo. Jan. 13, 2017) ("allegations regarding the dangerous cell conditions appear to sound in negligence").

---

[3] A *Bivens* claim refers to an implied cause of action for damages pursuant to the Constitution, as recognized by the Supreme Court in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and as limited by its progeny. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("a *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress'").

Nevertheless, claims brought under the FTCA are subject to a two year statute of limitations. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (citing 28 U.S.C. § 2401(b)). This limitations period is non-jurisdictional, and it, therefore, may be equitably tolled upon a claimant's sufficient showing of entitlement to such tolling. *Id.* at 1638; *see also id.* at 1629-30 (discussing circumstances that warranted applying equitable tolling, where plaintiff had exercised due diligence in pursuing her claim). But in this case, Plaintiff's FTCA claims were presented to the BOP after the two year period had run, and he presents no justification for the late presentment of these claims.

Plaintiff presented his FTCA-based claims to the BOP on March 21, 2016. (*See* Compl. at 5.) Therefore, any claims accruing before March 21, 2014 are barred by the FTCA's statute of limitations. *See Kwai Fun Wong*, 135 S. Ct. at 1629 (quoting 28 U.S.C. § 2401(b)) ("a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues'"). It is clear from the face of Plaintiff's two related complaints that the alleged conditions in the cell began sometime in 2012. Even construing the complaint liberally to assert a cause of action based on Plaintiff being forced to remove the industrial plastic from the cell's windows, (*see* Pl. Opp'n at 6), such a claim accrued no later than February 2014. Furthermore, neither Plaintiff's amended complaint in his related *Bivens* action, (*see* Am. Compl., ECF No. 13, No. 14 Civ. 6562), nor his complaint in this action (ECF No. 2), provide any explanation for why he was able to commence a federal lawsuit well within the limitations period—in August 2014 (*see* Compl., ECF No. 1, No. 14 Civ. 6562)—but was unable to timely present his claim against the BOP sometime between February 2014 and February 2016. Thus, he has failed to allege any circumstances justifying the application of equitable tolling to his late FTCA claims. Lacking any such explanation,

Plaintiff's FTCA claims must be dismissed as untimely. *See, e.g.*, *Barbaro v. U.S. ex rel. Fed. Bureau of Prisons FCI Otisville*, 521 F. Supp. 2d 276, 279 (S.D.N.Y. 2007) (reconsideration of dismissal of claims rejected where, "[b]ased on the allegations in the Complaint, the Government [] show[ed] . . . entitle[ment] to a finding that the statute of limitations" barred FTCA claims).

As indicated in this Court's related opinion dismissing Plaintiff's *Bivens* claims but granting leave to amend "to demonstrate why a *Ross* exception applie[d]" to his failure to exhaust under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), *see Lipscomb*, 2017 WL 3267732, at *9, courts generally afford *pro se* litigants significant leniency with regard to amending their complaints. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). Accordingly, the Court will also allow Plaintiff to amend in this action to explain what circumstances, if any, justify his delay in presenting his FTCA claims to the BOP. In the interests of judicial economy, the Court also consolidates Plaintiff's two actions pursuant to Federal Rule of Civil Procedure 42 since they concern the same set of facts despite asserting different causes of action against different defendants. *See Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) ("Cases may be consolidated even where certain defendants are named in only one of the complaints."). Plaintiff's first action, No. 14 Civ. 6562, will take priority to this, his second, action. *See Jandres v. Cty. of Nassau Cty.*, No. 12 Civ. 3132 (JS) (GRB), 2012 WL 5879532, at *1 (E.D.N.Y. Nov. 21, 2012) ("Where there are several competing lawsuits, the first suit should have priority").

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED. Plaintiff's FTCA claims against Defendant must be DISMISSED without prejudice because Plaintiff failed to timely present such claims to the Federal Bureau of

Prisons, and he has not plausibly alleged any facts to demonstrate that he is entitled to equitable tolling of the limitations period. The Court has consolidated this action with Plaintiff's related case (dkt. 14 Civ. 6562) and granted Plaintiff leave to amend his complaint. Such an amended complaint—combining the *Bivens* action and the FTCA action and naming all relevant Defendants including the United States—must be filed on or before September 29, 2017 and not reassert causes of action that were dismissed with prejudice, *i.e.* the *Bivens* damages claims against the Defendants in their official capacities.

Recognizing his Rule 11(b) obligations, Plaintiff should provide the Court with whatever justifications are available, if any, to excuse his failure to exhaust pursuant to the PLRA and his failure to timely present his FTCA claims to the BOP. Defendants are to respond to any consolidated amended complaint, if one is filed, on or before October 27, 2017. These deadlines supersede the earlier deadlines imposed by the Court in the related action.

The Clerk of the Court is directed to terminate the motions at ECF Nos. 22 & 24. The Clerk of the Court is further directed to consolidate the two cases under the first filed case, 14 Civ. 6562 (NSR) (PED), now the lead case, and the case with docket number 16 Civ. 7963 (NSR) (PED) will be considered a member case. A copy of this Opinion shall be filed on both dockets. No further filings should be made under the member case (16 Civ. 7963); instead, all filings shall be made under docket number 14 Civ. 6562.

Dated: August 31, 2017  SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

6